Eastern District of Kentucky
FILED
MAY 2 2 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 04-57-JMH
(Civil Action No. 06-410-JMH)

UNITED STATES OF AMERICA,     PLAINTIFF

V.     **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

DERRICK L. GREEN,     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter is before the court on the motion of defendant Derrick L. Green ("Green") pro se, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in the above-styled action on February 27, 2006. This motion has been fully briefed and is ripe for review.

In accordance with local practice, this matter has been referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Fed.R.Civ.P. 72(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2004, a federal grand jury returned a two-count indictment against Green. Count 1 thereof charged that on or about February 10, 2004, Green did knowingly and intentionally possess with the intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1); and Count 2 thereof charged that on or about February 10, 2004, Green did knowingly and intentionally possess with the intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Green pled not guilty to the foregoing charges, proceeded to trial on June 10, 2004, and was found guilty on both counts of the indictment.

On September 8, 2004, Green was sentenced and received a 130-month sentence of imprisonment on Count 1 and a concurrent 130-month sentence on Count 2; however, these concurrent sentences were ordered to run consecutively to a 30-month sentence Green received in Lexington Criminal Action No. 94-49 for having violated the terms of his supervised release. See DE #36.

Green appealed his conviction and sentence. In an unpublished decision issued on December 5, 2005, the United States Court of Appeals for the Sixth Circuit affirmed the denial of his motions to exclude testimony and suppress evidence, affirmed his conviction, reversed the sentence imposed on revocation of supervised release in the prior criminal case, Lexington Criminal Action No. 94-49, and remanded for resentencing.

Green was resentenced on February 27, 2006, and received a 130-month sentence of imprisonment on Count 1 and a concurrent 130-month sentence on Count 2; however, these concurrent sentences were ordered to run consecutively to a 30-month sentence Green received in Lexington Criminal Action No. 94-49 for having violated the terms of his supervised release. See DE #57.

On or about December 11, 2006, Green filed the present § 2255 motion to vacate, set aside, or correct sentence. [DE #59].

### III. THE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

As grounds for his § 2255 motion, Washington claims that the district court erred in denying his motion to suppress evidence seized as the result of a pat-down search that exceeded the scope of a *Terry* stop and that he received ineffective assistance of counsel relative to this claim when raised on appeal, and Green asserts that he is entitled to conduct discovery concerning his § 2255 motion. Green also claims that there was insufficient evidence to support a reasonable cause finding concerning the court's order committing him to the custody of the Attorney General for a

2

psychological evaluation, pursuant to 18 U.S.C. § 4241, and that he is entitled to an evidentiary hearing on these matters.

In response to defendant's § 2255 motion, the United States asserts that for a variety of reasons, said motion is without merit and should be denied.

**Analysis**

**A.     Relitigation of issues decided adversely to Green on direct appeal**

Green claims that the district court erred in denying his motion to suppress and that he received ineffective assistance of counsel relative to this claim on appeal. Green argued on direct appeal that the district court erred in denying his motion to suppress the evidence seized from him during the *Terry* stop. The Sixth Circuit rejected this claim under the following rationale:

> On February 10, 2004, at about 2:45 a.m., Officer Matthew Sharp of the Lexington, Kentucky, Police Department saw a woman leaning close to the passenger side of a car that had stopped in an area known for drug trafficking and prostitution. As Officer Sharp approached the vehicle in his marked police cruiser, the woman left abruptly and the vehicle began to creep forward. Then it quickly pulled off the road and on to the sidewalk. Officer Sharp concluded, based on his experience and knowledge of the area, that the woman may have been soliciting prostitution.
>
> Officer Sharp approached the car. The defendant Derrick Green, who at the time was on supervised release after serving a 120 month sentence in federal custody, was seated on the front passenger seat.
>
> On being questioned by Officer Sharp, the defendant stated that he and the driver had asked the woman for a ride.
>
> The driver stated, in contrast, that they had been asking the woman for directions.
>
> When the officer asked the defendant how he knew the driver, he said that they were friends and had been hanging out all day.
>
> The driver, in contrast, said that the defendant had just called and asked for a ride to the Richmond Road area.
>
> The defendant had become visibly nervous and agitated. Officer Sharp, concerned about the defendant's behavior, asked another officer to check the defendant for weapons. Patting the defendant down, that officer did not feel any weapons; he did, however, feel a large bulge in the defendant's front shirt pocket.

3

The officers asked to see what was in the pocket. The defendant pulled out a piece of paper wrapped around an object somewhat smaller than a golf ball. After pausing, the defendant began to run away.

The defendant ran about seventy yards before Officer Sharp caught him and took him to the ground. Once down, the defendant sought to conceal his hands under his body.

Officer Sharp asked to see the defendant's hands, but he kept them concealed.

While struggling with the officers, the defendant had tossed away several bags or packages. These were later determined to contain drugs. An officer walked back toward the car and found another item that the defendant had apparently discarded while attempting to flee.

Examination determined that the defendant had thrown away 4.04 grams of crack cocaine and 220.68 grams of cocaine as he was running, and 17.69 grams of crack cocaine while struggling with the officers. These quantities are inconsistent with possession merely for personal use.

The jury found the defendant guilty as charged with possession of crack cocaine (Count I) and cocaine (Count II), both with the intent to distribute.

## Discussion

. . .

### II. Motion to Suppress

A brief investigative stop, or *Terry* stop, by an officer able to point to " 'specific and articulable facts' " justifying reasonable suspicion that the suspect has been or is about to be involved in criminal activity can be reasonable under the Fourth Amendment. *See generally United States v. Sokolow*, 490 U.S. 1, 12, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (*quoting Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). An officer may not, however, rely simply on an inarticulate hunch: "'the totality of the circumstances--the whole picture--must be taken into account'" when assessing the lawfulness of an investigatory stop. *United States v. Roberts*, 986 F.2d 1026, 1029 (6th Cir.1993) (*quoting Terry, supra*, 392 U.S. at 22, 88 S.Ct. 1868, 20 L.Ed.2d 889).

Among the circumstances that an officer may consider are the nature of the area and hour at which the activity is taking place. *See United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (stop lawful after Border Patrol agents' [sic] observed defendant's crowded van, of a type used for smuggling illegal immigrants, in a remote area at a time of day when illegal entry often is attempted); *United States v. Martin*, 289 F.3d 392, 398-99 (6th Cir.2002) (stop of vehicle lawful after officers saw woman, attired like a prostitute in an area known for prostitution, beckon to car's occupants and get into the vehicle); *United States v. Byrd*, 1995 WL 72299, (6th Cir. Feb.21, 1995) (Unpublished disposition) (stop lawful where an officer observed a known prostitute approach a vehicle stopped in the middle of the street and lean in the window; incident occurred at 3:30 a.m.).

We conclude there was a reasonable basis for Officer Sharp to conclude that he had observed solicitation for prostitution, given what he saw and where and when he saw it. A solitary female might lawfully pause and lean toward the window of a stopped vehicle at 2:45 a.m. in an area known for drug trafficking and prostitution, and then decide to walk away as a squad car approached; but that possibility is so slight that a reasonable police officer encountering that situation can properly conclude that something illegal (most likely solicitation for prostitution) is afoot.

We also conclude that the scope of the stop was lawful. Once officers have a lawful basis to detain an individual, they may ask the individual a moderate number of questions to determine the individual's identity and confirm or dispel their suspicions about the possible unlawfulness of his activities. *Berkemer v. McCarty*, 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Where the officer receives inconsistent answers from a visibly nervous suspect, his reasonable suspicion that criminal activity may have been occurring is hardly dispelled. *See United States v. Hill*, 195 F.3d 258, 271-72 (6th Cir.1999) (inconsistent answers to questions and nervous demeanor can contribute to reasonable suspicion).

The next step--checking the defendant for weapons--was also lawful. While conducting a *Terry* stop an officer may, to ensure his own safety and that of others, conduct a limited pat-down search for weapons. *United States v. Butler*, 223 F.3d 368, 374 (6th Cir.2000). Before Officer Sharp asked the defendant to get out of the car, the officer's suspicions about what he had seen before approaching the car had increased, rather than diminished. For his own safety, particularly in the area in which the encounter occurred, a pat-down search was permissible.

While the search was occurring, the officer felt a bulge in the defendant's pocket. When, after the defendant had given the item to the officer at the officer's request, he began to run away, the officers could pursue and restrain him. *See United States v. Dotson*, 49 F.3d 227, 230-31 (6th Cir.1995) (officer's use of physical force to restrain defendant who attempted to flee from traffic stop was reasonable); *United States v. Haye*, 825 F.2d 32, 35 (4th Cir.1987) (officer may use force to stop a suspect from fleeing during a lawful *Terry* stop).

The drugs found near the defendant and thrown by him along the path he took during his attempted flight and ensuing struggle with the officers were lawfully seized. By discarding the drugs, the defendant disclaimed and renounced any ownership interest in them, and left them free for others to recover. When the officers picked them up, they did not violate the defendant's Fourth Amendment rights or his legitimate expectation of privacy. *See, e.g., United States v. Collis*, 766 F.2d 219, 222 (6th Cir.1985) (defendant's heaving a shoulder bag over a fence while the police pursued him constituted abandonment).

Thus, we affirm the district court's ruling on the defendant's motion to suppress.

*United States v. Derrick L. Green,* 157 Fed.Appx. 853, 855-57, 2005 WL 3275601 (6th Cir. (Ky.) December 5, 2005).

5

It is well settled that issues raised and considered on direct appeal may not be relitigated in a collateral proceeding under § 2255 absent an intervening change in the law or other exceptional circumstances. *United States v. Prichard*, 875 F.3d 789-91 (10th Cir. 1989); *Jones v. United States*, 178 F.3d 790, 795 (6th Cir. 1999), citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996) and *Davis v. United States*, 417 U.S. 333, 343-45 (1974); *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974) (where certain issues presented by defendants on motions to vacate judgment and sentence were decided on direct appeal, there was no error in denying relief as to such grounds). In this case, Green presents no highly unusual circumstances justifying an exception to the rule.

**B.     Ineffective assistance of counsel**

Green asserts that he received ineffective assistance of counsel in respect to the motion to suppress, both at the trial court level and on appeal, and for not challenging the cocaine as being fake cocaine.

### Applicable Law

The test for proving a claim of ineffective assistance of counsel was established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which adopted a two-part test, requiring a movant to show (1) that counsel's performance fell outside the wide range of professionally competent assistance guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense so seriously that but for the alleged error of counsel, there is a reasonable probability that the result would have been different.

**(i)    Motion to suppress**

Green claims that his counsel was ineffective because he did not prevail on the motion to suppress the cocaine seized from him during the *Terry* stop and that his counsel was ineffective in the manner he raised this claim on appeal. However, Green does not explain how his counsel was ineffective, either at the trial court level or on appeal.

The Magistrate Judge is unpersuaded by Green's claim that his counsel was ineffective in regard to the motion to suppress. Clearly, counsel moved the trial court to suppress the cocaine seized

6

from Green during the *Terry* stop, as detailed in the motion to suppress. See DE #20. However, the facts simply were not favorable to Green, and Green's counsel was not ineffective simply because he was presented with a factual situation that did not warrant the granting of the motion to suppress. Likewise, on direct appeal, Green's counsel claimed that the trial court erred in denying Green's motion to suppress. However, the Sixth Circuit concluded that the trial court correctly denied Green's motion to suppress. Again, the facts were simply not on Green's side due to no fault of Green's counsel.

(ii)     **failure to challenge the cocaine evidence**

Green also claims that his counsel was ineffective for failing to argue that the substance found by the police at the time of his arrest was "fake cocaine."

Based on the testimony of Kentucky State Police forensic drug chemist Jennifer Wininger at trial, the Magistrate Judge concludes that this claim of ineffective assistance of counsel is also without merit. At. trial, Jennifer Wininger testified that the substance found in the "bulge" in Green's shirt pockets was 220.68 grams of powder cocaine [Jennifer Wininger, TR (Trial) at 95], and that the substance Green tried to throw away after he was caught was 4.04 grams of cocaine base and 17.69 grams of cocaine base, respectively. [*Id.* at 96.] Another package discarded by Green contained a "tan solid" that was not identified as a controlled substance. [Id. at 97.] Still, any argument by Green's attorney that all of the controlled substances were fake cocaine would not have succeeded given the testimony of the KSP chemist.

Defense counsel is not required to make frivolous arguments that have no chance of succeeding. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir.1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel). Thus, Green is unable to show either deficient performance of counsel or resulting prejudice based on his attorney's failure to argue that all of the substances found on or around Green's person was or could have been fake cocaine.

C.  **Green's mental competency**

Green also claims that there was insufficient evidence to support a "reasonable cause" finding to order a psychological evaluation under 18 U.S.C. § 4241.

Green is of the mistaken belief that the court ordered him to undergo a psychological evaluation in this case, pursuant to 18 U.S.C. § 4241, to determine if he was competent. The record in this case reflects that the issue of Green's competency was never raised either by his counsel, by the United States or by the court. Therefore, Green was never ordered to undergo a psychological evaluation.

It appears that Green has confused the present action with his prior criminal case in federal court, Lexington Criminal Action No. 94-49, wherein he was ordered to undergo a psychological evaluation and was found to be competent. Green's competency never became an issue in the present action.

## IV. CONCLUSION

Based on a review of the record and the applicable law governing motions filed pursuant to 28 U.S.C. § 2255, to vacate, correct, or set aside sentence, for the reasons previously stated, the Magistrate Judge concludes that Green's § 2255 motion should be denied.

Accordingly, **IT IS HEREBY RECOMMENDED** that the motion of defendant, Derrick L. Green, filed under § 2255, to vacate, correct or set aside sentence [DE #59] be **DENIED**.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This **22ND** day of May, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE